**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MITCHELL F. REITER MD PC, <br><br> Plaintiff, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Defendant. | Civ. No. 2:25-cv-12526 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this action to enforce Independent Dispute Resolution ("IDR") determinations issued under the No Surprises Act ("NSA"), Defendant Horizon Blue Cross Blue Shield of New Jersey ("Defendant" or "Horizon") moves to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). ECF No. 7. Plaintiff Mitchell F. Reiter MD PC ("Plaintiff") cross moves to confirm the IDR awards pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA") and to stay discovery pending the outcome of these motions. ECF No. 9. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion to dismiss is **granted**. Plaintiff's cross motion to confirm the awards and to stay discovery is **denied.**

**I.    BACKGROUND**

On July 7 and July 17, 2023, Mitchell Reiter, M.D., an orthopedic surgeon, provided medical treatment for patients "L.S." and "B.S." at Overlook Hospital in New Jersey. Compl. ¶¶ 5, 23, ECF No. 1. At the time of the treatments, L.S. and B.S. were the beneficiaries of a health plan issued and/or administered by Horizon. *Id.* ¶¶ 6, 24. Plaintiff is an out-of-network medical provider in New Jersey; it does not have a network contract that governs payment for services to Horizon's members. *Id.* ¶¶ 1, 9, 28. However, because L.S. and B.S's out-of-network medical treatments were rendered "emergently /inadvertently,"[1] those services were subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq.*, 29 U.S.C. § 1185e. *Id.* ¶¶ 10, 29. Horizon was billed $51,485 for L.S.'s treatment, of which it paid Plaintiff $1,285. *Id.* ¶¶ 7-8. For B.S.'s treatment, Horizon was billed $50,000 and $11,965, of which it paid Plaintiff a total of $10,720. *Id.* ¶¶ 26-27. Dissatisfied with the payments, Plaintiff sought IDR arbitration after unsuccessfully trying to resolve the dispute through the NSA's "open negotiations." *Id.* ¶¶

---

[1] As noted by Defendant, services rendered "inadvertently" are not a category of services eligible for the NSA and IDR; eligible services are emergency services, air ambulance transports, and services at in-network facilities by a nonparticipating provider. *See* 42 U.S.C. §§ 300gg-111, 300gg-112, 300gg-131, 300gg-132, 300gg-135.

1

11-14, 31-33. On August 29, 2024, the IDR arbitrator awarded Plaintiff a total of $51,485 in the dispute over L.S.'s medical bill. *Id.* ¶ 15. In the dispute over B.S.'s bill, on October 25, 2024, the arbitrator awarded Plaintiff a total of $56,900. *Id.* ¶ 34. Defendant did not issue the arbitration payments to Plaintiff within 30 days of the arbitration award as required under the NSA, 42 U.S.C. § 300gg-111(c)(6). *Id.* ¶¶ 18-19, 37-38.

Plaintiff filed suit on July 17, 2025, seeking in Count One, confirmation of the August 29, 2024 and October 25, 2024 IDR arbitration awards pursuant to the FAA, 9 U.S.C. § 9. In Count Two, Plaintiff alleges Horizon violated the NSA, 42 U.S.C. § 300gg-111(c)(6), by failing to remit the arbitration payments within 30 days. Defendant moves to dismiss on the grounds that the NSA does not provide for a private cause of action. Plaintiff cross moves to confirm the arbitration awards and to stay discovery during pendency of the motions.

## II. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

### B. The NSA

The NSA generally "limits the amount an insured patient will pay for emergency services furnished by an out-of-network provider and for certain non-emergency services furnished by an out-of-network provider at an in-network facility." *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield,* No. 22-6614, 2023 WL 5815821, at *2 (D.N.J. Sept. 8, 2023) (citation omitted); *see* 42 U.S.C. §§ 300gg-131, 300gg-132, 300gg-135. Where an out-of-network provider is dissatisfied with the amount paid by the insurer and "open negotiations" fail, a party may initiate the "independent dispute resolution"

process where each party submits an offer of payment to an IDR entity certified by the Secretary of Health and Human Services ("HHS") in consult with the Secretaries of Labor and Treasury. 42 U.S.C. § 300gg-111(c)(1-5). The certified IDR entity then selects "one of the offers submitted" as the amount to be paid. *Id.* at § 300gg(c)(5). That IDR determination

> (I) *shall be binding* upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and
>
> (II) *shall not be subject to judicial review*, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

42 U.S.C.A. § 300gg-111(c)(5)(E) (emphases added); 29 U.S.C. § 1185e(c)(5)(E). Payment "with respect to a qualified IDR item or service for which a determination is made … *shall* be made directly to the nonparticipating provider or facility not later than 30 days after the date on which such determination is made." 42 U.S.C. § 300gg-111(c)(6) (emphasis added).

The only "judicial review" expressly authorized under the NSA is when a party seeks to *vacate* an arbitration award in one of four scenarios:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

FAA, 9 U.S.C. § 10(a)(1)-(4). The NSA empowers the Departments of Health and Human Services ("HHS"), Labor, and Treasury with enforcement authority over the IDR process, including the ability to impose civil monetary penalties. *See, e.g.*, 42 U.S.C. § 300gg-22(b)(2), 42 U.S.C. § 300gg-134(b).

### C. Cause of Action Under the NSA

Defendant moves to dismiss this action with prejudice, arguing that Plaintiff cannot confirm its IDR awards under § 9 of the FAA. The Court agrees. For the reasons set forth below and for substantially the same reasons discussed in *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 275-277 (5th Cir. 2025) ("*Health Care*"), *Modern Orthopaedics of NJ v. Permera Blue Cross*, No. 25-1087, 2025 WL 3063648 (D.N.J. Nov.

3

3, 2025), and *Freeman Pain Institute d/b/a Redefine Health v. Horizon Blue Cross Blue Shield of New Jersey,* No. 25-02507, 2025 WL 3268289 (D.N.J. Nov. 24, 2025), the Court finds that the NSA does not authorize a private cause of action to enforce IDR awards.

Section 9 of the FAA, which empowers courts to confirm or enforce arbitration awards, states in pertinent part:

> If the parties *in their agreement* have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then … any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added). In contrast to the NSA's IDR process, which is statutorily compelled, confirmation of an arbitration award under § 9 requires the existence of an "agreement" or "contract" where parties agree to aspects of arbitration including venue, forum, and the arbitration selection process. *See* 9 U.S.C. § 2 (mandating that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable … ."); *Med-Trans Corp. v. Cap. Health Plan, Inc.*, 700 F. Supp. 3d 1076, 1083 (M.D. Fla. 2023) (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) ("The FAA reflects the fundamental principle that arbitration is a matter of contract.")), *appeal dismissed,* No. 24-10134, 2024 WL 3402119 (11th Cir. May 30, 2024). As stated in the Complaint, Plaintiff had no agreement or contract with Horizon and no agreement to arbitrate. Compl. ¶¶ 9, 28.

Plaintiff argues that no agreement is necessary because the NSA allows a "final and binding" IDR award to be confirmed under the FAA § 9. That position is not supported by the text of the NSA. Congress unequivocally incorporated only § 10(a)(1)-(4) of the FAA into the NSA, choosing *not* to incorporate § 9 despite having done so in other contexts. *See e.g.,* Administrative Dispute Resolution Act, 5 U.S.C. § 580(c) ("A final award is binding on the parties to the arbitration proceeding, and may be enforced pursuant to sections 9 through 13 of title 9."). To explain that choice, Plaintiff highlights "key differences" between the FAA and the NSA. *See Guardian Flight LLC v. Aetna Life Insur. Co.*, 789 F. Supp. 3d 214 (D. Conn. 2025) ("*Aetna*"). As set forth in *Aetna,* Plaintiff insists that FAA arbitration awards are not self-enforcing and become "binding" only when they are judicially confirmed and converted to orders. *Id.* In contrast, IDR awards under the NSA "are binding once they are issued – without further action by the parties or any court." *Id.* Due to such finality, Plaintiff posits that Congress did not incorporate § 9 of the FAA or allow judicial review of IDR determinations because it did not need to. *Id.*

Even if Defendant agreed with these "key differences," (it does not, *see* Def. Reply Br. at 7-8, ECF No. 11), it is not the Court's "role to second guess Congress's decision" as

4

to why it incorporated § 10(a) but not § 9 into the NSA. *Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019). As the Supreme Court has unequivocally stated, "the text of a law controls over purported legislative intentions unmoored from any statutory text; the Court may not replace the actual text with speculation as to Congress' intent." *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 815 (2024) (internal quotation marks and citations omitted). "Interpretation of statutes is guided by the text. Neither the NSA nor the FAA says that the FAA bears on the NSA outside the four explicitly incorporated paragraphs." *Med-Trans Corp.*, 700 F. Supp. 3d at 1084.

Next, Plaintiff asserts that a suit to confirm or enforce an IDR determination is not barred by the NSA because Congress' preclusion of judicial *review* (except under the FAA § 10(a)) does not encompass judicial *enforcement or confirmation* of that award. The Court rejects Plaintiff's attempt to draw such a distinction. Judicial "review" is broad enough to include "actions that seek to confirm or enforce a dispute resolution award." *Health Care*, 140 F.4th at 275-76; *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 578 (2008) ("The Federal Arbitration Act ... provides for expedited judicial review to confirm, vacate, or modify arbitration awards."). *See also Modern Orthopaedics*, 2025 WL 3063648 at *12.

Notwithstanding the NSA's express language, Plaintiff contends that Congress must have intended an *implied* right of action because the legally "binding" nature of IDR awards carries an implicit judicial enforcement mechanism. *See Aetna*, 2025 WL 1399145, at *8 (concluding NSA creates private cause of action to enforce IDR awards in part due to "NSA's mandatory language regarding health plans' and insurers' payment obligations and the 'binding' effect of IDR awards"). While mandatory "shall" language can often reflect congressional intent to create both a right and a remedy, *see Maine Cmty. Health Options v. United States*, 590 U.S. 296, 324 (2020) (discussing Tucker Act)), the binding nature of IDR awards does not overcome the clear statutory language in § 300gg-111(c)(5)(E)(i)(I) prohibiting judicial review except under FAA § 10(a). The NSA's structure and actual text do not demonstrate an intent to create a private right and remedy, but rather, "point in the opposite direction." *Health Care*, 140 F.4th at 275; *see also FHMC LLC v. Blue Cross and Blue Shield of Arizona Inc.*, No. 23-876, 2024 WL 1461989, at * 3 (D. Ariz. April 3, 2024) ("An implied right of action [in the NSA] is incongruous with such a detailed statutory scheme, in which judicial review is limited to specific instances [described in § 10(a) of the FAA].") "It is a fundamental principle of statutory interpretation that absent provisions cannot be supplied by the courts. To do so is not a construction of a statute, but, in effect, an enlargement of it by the court. Atextual judicial supplementation is particularly inappropriate when, as here, Congress has shown that it knows how to adopt the omitted language or provision." *Rotkiske*, 589 U.S. at 14 (citations and internal quotes omitted).

In pressing its claim that Congress must have intended a private cause of action under the NSA, Plaintiff insists that precluding judicial enforcement of an IDR award would render the "shall be binding" phrase meaningless. That is, if no implicit judicial

5

enforcement mechanism is recognized, healthcare plans can simply opt not to pay for services rendered by providers. Plaintiff concludes that Congress must not have intended to create such a "perverse result" where healthcare plans dissatisfied with an IDR award can sidestep their legal responsibility to pay. Pl. Opp. Br. at 17. However, arguments as to why Congress "*should* have provided a private cause of action to enforce an IDR award" are not grounds to find that Congress intended that remedy. *Guardian Flight LLC v. Health Care Serv. Corp.*, 735 F. Supp. 3d 742, 751 (N.D. Tex. 2024), *aff'd* 140 F.4th 271, 276 (5th Cir. 2025). Moreover, a provider that has not received payment on an IDR award is not without recourse. Rather than provide for a private right of action, "NSA's structure conveys Congress's policy choice to enforce the statute through administrative penalties." *Health Care*, 140 F.4th at 277; *Modern Orthopaedics*, 2025 WL 3063648 at *9-10 (discussing enforcement mechanism under NSA). For example, HHS is empowered to assess civil monetary penalties for NSA non-compliance. *Id.* (citing 42 U.S.C. §§ 300gg-22(b)(2)). Pursuant to the NSA, the Centers for Medicare and Medicaid Services, an agency within HHS, maintains an online portal for providers and consumers to submit complaints regarding the IDR process. *See id.* (identifying *No Surprises Complaint Form*, CMS, https://perma.cc/HHD2-8HW7). "Congress created a robust system of administrative enforcement of IDR awards instead of judicial enforcement." *Freeman Pain Institute*, 2025 WL 3268289, at *6.

Plaintiff counters that such administrative procedures are neither mandatory nor exclusive, that there is no enforcement mechanism in place to "police insurers" to comply with IDR awards or ensure payment. *See Aetna*, 2025 WL 1399145, at *8-9, n.6. However, it is the job of the Court to interpret law, not create it. "Congress may have had good reasons to provide only a general administrative remedy, together with a strictly limited form of judicial review." *Health Care*, 140 F.4th at 277 (noting that by 2023, providers had initiated nearly 680,000 disputes).[2] Even assuming providers would have preferred a different enforcement mechanism, "the wisdom of Congress's policy choice is beyond our judicial ken." *Id.* Sometimes, as here, the "express provision of one method of enforcing a substantive rule" strongly suggests that Congress intended to preclude others. *See Alexander v. Sandoval*, 532 U.S. 275, 290 (2001). Absent congressional intent to create not just a private right but also a private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286–87. In any event, even if there is no federal cause of action to enforce an IDR award, the NSA does not preclude enforcement under state law. *See Modern Orthopaedics*, 2025 WL 3063648, at *12 ("The IDR is an opt-in process, it provides an alternative, streamlined route to determine the amount owed between the parties—it does not displace traditional state-law remedies like unjust enrichment.")

---

[2] A search of the Court's Electronic Court Filing system shows that just in 2025, in the District of New Jersey alone, over 500 cases have been filed seeking confirmation of IDR awards under the NSA.

Finally, not only is Plaintiff's position contrary to the statute's text and structure, but it is inconsistent with the recently issued opinions in this district as well as the "substantial majority" of federal court decisions across the country that have examined this issue and declined to recognize an implied right of action under the NSA. *East Coast Advanced Plastic Surgery, LLC v. Cigna Health and Life Insurance Co.*, Nos. 25-255, 25-1686, 2025 WL 2371537, at *17 (S.D.N.Y Aug. 15, 2025) (citing cases). *See e.g., Modern Orthopaedics*, 2025 WL 3063648 at *14; *Health Care*, 140 F.4th at 276; *Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, 790 F. Supp. 3d 129, 137 (E.D.N.Y. 2025); *FHMCC LLC v. Blue Cross and Blue Shield of Arizona Inc.*, No. 23-876, 2024 WL 1461989, at *3 (D. Ariz. April 4, 2024); *Drs. Ellis, Rojas, Ross & Debs, Inc. v. UMR, Inc.*, No. 24-20428, 25 WL 742761, at *3 (S.D. Fla. March 9, 2025). This Court agrees with the substantial majority.[3] The plain text of the NSA does not incorporate FAA § 9 and clearly precludes judicial review *except* in cases described in § 10(a) of the FAA.

For the foregoing reasons, the Court finds that the NSA does not authorize a private right of action to seek court enforcement or confirmation of IDR awards under § 9 of the FAA. Plaintiff's claims seeking confirmation of the IDR awards under the NSA are **dismissed.**

### III. CONCLUSION

Defendant's motion to dismiss is **granted.** Plaintiff's cross motion to confirm the IDR award is **denied** and the motion to stay discovery is **denied as moot.** An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: December 8, 2025

---

[3] Apart from *Aetna*, discussed *supra*, Plaintiff cites two other cases where IDR determinations were confirmed. *See* Pl. Opp. Br. at 2, ECF No. 9-1. Those cases, however, arose in conjunction with a vacatur application and in any event, are not instructive. In *Worldwide Aircraft Serv. Inc. v. Worldwide Insur. Servs., LLC*, No. 24-840, 2024 WL 4226799, n.3 (M.D. Fla. Sept. 18, 2024), the insurer waived the issue of whether courts lack power to confirm arbitration awards under NSA. In *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No.22-6614, 2022 WL 5815821 (D.N.J. Sept. 8, 2023), the court concluded that because § 9 language (an award "must" be confirmed absent vacatur, modification, or correction) implicitly permits courts to compel compliance, likewise, the "final and binding" language of NSA gives court authority to confirm IDR award. However, the FAA makes the *confirmation* of arbitration awards (except in limited circumstances) mandatory; in contrast, the NSA makes the IDR *determinations* binding, not the *confirmation* of those awards.